**Charlene DEMUS, Plaintiff–Appellant,**

v.

**COUNTY OF SAN DIEGO,
Defendant–Appellee.**

No. 03–55382.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided Nov. 19, 2004.

Lloyd Edward Tooks, Esq., Law Offices of Lloyd E. Tooks, San Diego, CA, for Plaintiff–Appellant.

English Robinson Bryant, Esq., San Diego, CA, for Defendant–Appellee.

Before: GOODWIN, FISHER and TALLMAN, Circuit Judges.

### MEMORANDUM *

Charlene Demus appeals the district court's grant of summary judgment in favor of the County of San Diego on her claims of racial discrimination under 42 U.S.C. § 2000e–5 ("Title VII"); 42 U.S.C. § 1981; and California's Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12940. We affirm.

The district court properly granted summary judgment in favor of the county on Demus' Title VII claim. Even assuming Demus established a *prima facie* case of discrimination, *see Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1220 (9th Cir. 1998), she has not shown that the county's articulated nondiscriminatory reasons for its adverse employment actions were pretextual. To survive a motion for summary judgment, Demus had to rebut the county's proffered justifications with either direct or indirect evidence of pretext. *See Vasquez v. County of Los Angeles,* 349 F.3d 634, 641–42 (9th Cir.2004), *amending Vasquez v. County of Los Angeles,* 307 F.3d 884 (9th Cir.2003).

The county's explanation for its demotion and disciplinary action, validated by the civil service commission's finding that Demus was incompetent in examining two foster children, counters the presumption of discrimination. *Wallis v. J.R. Simplot*

Co., 26 F.3d 885, 892 (9th Cir.1994). Further, the county has offered a legitimate reason—reorganization of its adoptions program—for Demus' transfer to another unit. Demus has failed to counter the county's asserted justifications with evidence of pretext.

We affirm the district court's grant of summary judgment on Demus' § 1981 claim, because her employment is governed by statute, rather than contract. *Miller v. State of California,* 18 Cal.3d 808, 813, 135 Cal.Rptr. 386, 557 P.2d 970 (Cal. 1977).

The district court did not abuse its discretion in denying Demus leave to amend the scheduling order, because she failed to demonstrate good cause. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir.1992).

Finally, Demus' FEHA claim also cannot survive summary judgment, because she has failed to rebut the county's nondiscriminatory reasons for its adverse employment actions against her. *Guz v. Bechtel Nat. Inc.,* 24 Cal.4th 317, 100 Cal. Rptr.2d 352, 8 P.3d 1089 (Cal.2000) (applying federal framework to state discrimination claim on summary judgment).

The judgment of the district court is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.